```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

VERLIN CLOWER,

    Plaintiff,

v.

                                CIVIL ACTION NO.  1:04-0708

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

### I.  Background

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation on July 12, 2005, in which he recommended that the court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  On July 26, 2005, plaintiff timely filed objections to the magistrate judge's Proposed Findings and

Recommendation.  With respect to those objections, the court has conducted a de novo review of the record.

At the outset, the court notes that judicial review in social security cases is quite limited.  The magistrate judge's review is to determine if the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that he or she applied the proper legal standards.  See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id.  Therefore, with respect to each of plaintiff's specific objections, this court has reviewed the record to determine whether each finding of the ALJ is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.

## II.  Objections and Analysis

Plaintiff makes one objection to the magistrate judge's Proposed Findings and Recommendations: that he erred in finding the ALJ's decision to give the opinion of Tonya McFadden little weight was supported by substantial evidence.  Plaintiff's argument is without merit.

As Magistrate Judge VanDervort noted in his Proposed Findings and Recommendation:

> Every medical opinion received by the ALJ must be considered in accordance with the factors set forth in 20 C.F.R. § 416.927(d).  These factors include: (1) length of the treatment relationship and frequency of

2

>evaluation, (2) nature and extent of the treatment
>relationship, (3) supportability, (4)consistency, (5)
>specialization, and (6) various other factors.
>Additionally, the regulations state that the
>Commissioner "will always give good reasons in our
>notice of determination or decision for the weight we
>give your treating source's opinion."

Proposed Findings and Recommendation at 5 (quoting 20 C.F.R. § 416.927(d)(2)).  The regulations go on to state that more weight will be given to the medical opinion of an examiner than a non-examiner and more weight will be given to a treating source than a non-treating source (such as an examiner or non-examiner).  In this case, there is no dispute that Ms. McFadden was not a treating source.  See 20 C.F.R. 416.902 ("We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability.  In such a case, we will consider the acceptable medical source to be a non treating source.").

A review of the ALJ's decision makes clear that his treatment of Ms. McFadden's opinion was supported by substantial evidence.  In summarizing Ms. McFadden's findings, the ALJ stated:

>On September 3, 2002, Tonya M. McFadden, MA performed a
>psychological evaluation of the claimant at the request
>of Attorney Leffler.  Ms. McFadden noted the claimant
>was pleasant and cooperative during the evaluation.
>His speech was relevant and coherent.  His immediate
>memory was within normal limits and remote memory
>appeared intact.  Ms. McFadden assessed recent memory
>to be markedly deficient as he recalled one of four

>items after a thirty-minute delay.  She noted his concentration was good.  She administered the Weschler Adult Intelligence Scale-third edition (WAIS-III) and the claimant achieved a verbal IQ score of 86; performance IQ score of 78; and a full-scale IQ score of 80.  She opined there appeared to be no substance abuse that would impair his functioning on the day of evaluation.  The latter opinion was apparently based on claimant's own statements.  Recency of drug use was not reported.  On the Wide Range Achievement Test-third edition (WRAT-3), the claimant achieved a high school grade in reading; 8th grade in spelling; and 8th grade in arithmetic.  Ms. McFadden administered the Minnesota Multiphasic Personality Inventory-II (MMPI-II).  She opined that profile analysis revealed that classical conversion symptoms might be present.  She opined that somatic complaints might include headaches, chest pain, back pain, and numbness or tremors of the extremities, and eating problems might occur.  She opined that other complaints might include weakness, fatigue, dizziness, and sleep disturbance.  Her diagnostic impression was adjustment disorder with mixed anxiety and depressed mood, and conversion disorder (provisional).  Ms. McFadden opined the claimant would have significant difficulties coping with stressors, and, he would, therefore, be anticipated to have difficulties dealing with the usual pressures encountered in competitive work.

Tr. at 24.  In determining the weight to give Ms. McFadden's opinion, the ALJ gave very specific reasons for his decision to afford it little weight:

>While the claimant alleges anxiety as one of his severe impairments, he has not sought treatment from anyone other than Dr. Bendy, a general practitioner.  Dr. Bendy saw claimant after April, 2003 and provided Xanax medication, since April 2003.  Dr. Bendy has not seen the need to refer the claimant for additional treatment by a mental health professional and has not increased or adjusted the medication.  The current record further shows a one time mental assessment by Ms. McFadden in September 2002.  She diagnosed the claimant with an adjustment disorder with mixed anxiety and depressed mood, and conversion disorder (provisional).  The undersigned gives very little weight to the assessment and opinions of Ms. McFadden, who holds a masters degree.  She does not have a treating relationship with

>the claimant. She merely examined the claimant, at the request of his attorney, one time for the purpose of establishing disability. Ms. McFadden did not rely on any mental behavior history or functional limitations; rather, she based her findings on subjective complaints and the claimant has not required any previous mental health treatment. Ms. McFadden apparently did not do any drug testing. Thus the undersigned finds that claimant's mental impairment would at best, cause mild functional limitations in his activities of daily living, social functioning, and concentration, persistence, and pace. The undersigned notes that if one only has mild functional limitations, the individual remains able to function "well," in each of the categories. The undersigned further notes that if the claimant had more than "mild" functional limitations of his mental impairments, then aversion techniques, behavioral therapy, and professional counseling, along with the medications, usually shows more positive results. Further, illegal drug usage or abuse, and alcohol use or abuse, may contribute to the "mild" limitations.
>
>Furthermore, the State agency determined in October 2002, that the claimant had no "severe" mental impairment (Exhibit 12F). The undersigned reviewed the evidence thoroughly to ascertain whether or not the claimant has any work-related limitations in functioning due to depression or anxiety. The claimant has not been evaluated by any treating mental health professional for symptoms of depression or anxiety, nor has he sought any kind of mental health treatment. The claimant did not even report this impairment at the time the application was filed. This is despite the fact that the Disability report specifically requests information about all conditions affecting the ability to work. The undersigned concurs with the State agency mental health physician, and finds that the claimant does not have a "severe" mental impairment.

Tr. at 24-25. The foregoing analysis on the part of the ALJ confirms that he properly evaluated Ms. McFadden's opinion in accordance with the factors outlined under 20 C.F.R. § 416.927(d)(2).

With respect to the first factor, length of the treatment and frequency of the evaluation, the ALJ noted that Ms. McFadden had seen plaintiff only one time for the purpose of obtaining benefits. As to the second factor, as noted above, there was no treatment relationship. With respect to the specialization factor, the fact that Ms. McFadden has a masters degree is relevant.

As to supportability and consistency, the ALJ gave very specific reasons for the weight he gave Ms. McFadden's opinion. He noted, among other things, that she: (1) based her opinions largely on plaintiff's subjective complaints; (2) did not perform drug testing on plaintiff even though he had a history of substance abuse; and (3) did not rely on any mental behavior history. With respect to the evidence in the record undermining Ms. McFadden's opinion, the ALJ pointed out that: plaintiff had not sought mental health treatment; plaintiff did not list depression or anxiety as an impairment when he filed his application; the state agency physician determined that plaintiff did not have a severe mental impairment; and the failure of plaintiff's doctor to refer him for mental health treatment, adjust his medication, or indicate limitations.

Although plaintiff does not agree with the ALJ's ultimate findings, he has cited no legal authority which mandates that controlling weight be given to a one-time examining source whose opinion has been evaluated under and is called into question by

6

the 20 C.F.R. § 416.927(d)(2) factors.  This is because no such authority exists.  Even the opinion of a treating source may be rejected if it is inconsistent with other substantial evidence of record.  Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see also Hawkins v. Massanari, 2001 WL 1191107 (W.D.N.C. 2001) (finding no error in ALJ's rejection of opinion of one-time consultative examination where ALJ properly evaluated opinion pursuant to 20 C.F.R. § 416.927(d)(2)).

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision.  42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Upon review of the record, the court finds ample evidence supporting the ALJ's conclusion to give Ms. McFadden's opinion little weight.  Accordingly, plaintiff's objection is OVERRULED.

## CONCLUSION

For the reasons set forth above, the court OVERRULES plaintiff's objections to the Magistrate Judge's Findings and Recommendation.  Accordingly, the court adopts his Findings and Recommendation and DENIES plaintiff's motion for judgment on the pleadings, GRANTS defendant's motion for judgment on the pleadings, AFFIRMS the final decision of the Commissioner, and DISMISSES this case from the active docket of the court.

The Clerk is directed to forward a certified copy of this Memorandum Opinion and Judgment Order to counsel of record.  The

Clerk is further directed to remove this action from the active docket of this court.

**IT IS SO ORDERED** this 12th day of August, 2005.

ENTER:

David A. Faber
Chief Judge